IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
KENNETH WILLIAMS,                      )
                                       ) Civil Action No. 07 - 38
      Petitioner,                      )
                                       )
v.                                     ) Chief Judge Donetta W. Ambrose
                                       ) Magistrate Judge Lisa Pupo
PAUL J. STOWITZKY, Warden;             ) Lenihan
DISTRICT ATTORNEY FOR THE              )
COUNTY OF LUZERNE; and the             )
ATTORNEY GENERAL FOR THE               )
STATE OF PENNSYLVANIA,                 )
                                       )
      Respondents.
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).

II. REPORT

The Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his criminal sentence imposed by the Court of Common Pleas of Luzerne County, Pennsylvania on August 24, 2004. The Petitioner is incarcerated in this district although his conviction was obtained in the Court of Common Pleas of Luzerne County, which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Under 28 U.S.C. § 2241(d), the Petitioner's application could have been filed either in this district, where he is held in custody, or in the Middle District of Pennsylvania, the district in which his conviction was obtained.

Proper filing of a habeas corpus petition is governed under the provisions of the federal habeas corpus statute at 28 U.S.C. § 2241(d), which provides as follows.

> (d)  Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In addition, Section 1404 of Title 28 grants district courts discretion to transfer cases to any other district where the action may have been brought.

The United States District Court for the Middle District of Pennsylvania has jurisdiction over the county in which the state court records are located, as well as the district attorney of the county that prosecuted the Petitioner, his trial counsel, and any relevant witnesses.  A federal court must review the entire state court record when reviewing a petition for a writ of habeas corpus to determine whether the petitioner has exhausted his state court remedies and whether he has committed procedural default barring federal review of his claims.  When the state court opinions are silent, "we examine the pretrial, trial and appellate briefs submitted to the state court."  Brown v. Cuyler, 669 F.2d 155, 158

(3d Cir. 1982). *See also* <u>Swanger v. Zimmerman</u>, 750 F.2d 291, 295-97 (3d Cir. 1984).

  The Petitioner was convicted and sentenced in Luzerne County. Accordingly, all of the records necessary to appropriately dispose of this case are located in Luzerne County. In addition, it is likely that any potential witnesses are located in Luzerne County, which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania Court. Moreover, it has come to this Court's attention that the Petitioner may have state court actions presently pending in the Court of Common Pleas of Luzerne. Finally, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district in which the county is located in which the petitioner was convicted. For these reasons, it is recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1404.

  In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond

thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            s/Lisa Pupo Lenihan
                                            Lisa Pupo Lenihan
                                            United States Magistrate Judge

August 29, 2007

cc:   The Honorable Donetta W. Ambrose
      United States District Judge, Chief

      KENNETH WILLIAMS
      GG-9214
      SRCF Mercer
      801 Butler Pike
      Mercer, PA 16137

      Frank P. Barletta
      Luzerne County District Attorney's Office
      200 North River Street
      Wilkes-Barre, PA 18711